UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-298-RJC
(3:13-cr-199-RJC-1)

| | |
|---|---|
| FRED CARRASCO, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on pro se Petitioner's "Motion for Relief from Judgment Pursuant to FED. R. CIV. P. 60(b)," (Doc. No. 10).

I.  BACKGROUND

On June 6, 2016, Petitioner filed the underlying motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. No. 1). On October 13, 2016, this Court denied and dismissed Petitioner's motion to vacate on the merits. (Doc. No. 8). Petitioner thereafter had sixty days in which to file his notice of appeal, but such notice was never entered on this Court's docket. See FED. R. APP. P. 4(a)(1)(B)(i).

On April 12, 2017, Petitioner filed the pending motion, in which Petitioner seeks an order from this Court vacating and amending the judgment dated October 13, 2016, so that Petitioner may file a timely appeal. In support, Petitioner asserts:

1. On October 13, 2016, the court denied petitioner's motion. Under Fed. R. App. P. 4(a)(1)(B)(i), petitioner's notice of appeal was due within 60 days.

1

2. Petitioner was aware of his right to appeal and the time limit for filing a notice of appeal. On December 8, 2016, he mailed a notice of appeal and an application to proceed in forma pauperis to the Clerk's office for filing. However, it was apparently never received.

(Doc. No. 10 at 1). Petitioner states that he therefore "requests that the Court vacate the judgment previously entered and simultaneously enter a new judgment denying the Section 2255 motion, which would allow a notice of appeal to be filed within 60 days of such order." (Id.).

**II.    STANDARD OF REVIEW**

Petitioner's pending motion is properly construed as a motion to file an untimely appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6) because he is essentially seeking to have this Court reopen the time for him to appeal. Federal Rule of Appellate Procedure 4(a)(6) provides for the reopening of the time to file an appeal. See Rule 11 of the Rules Governing Section 2255 Proceedings in the United States District Courts, 28 U.S.C. foll. § 2255 ("Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules."). District courts have the discretion to reopen the time to file an appeal, but only if <u>all</u> three of the following conditions are satisfied: (1) if the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (2) if the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; <u>and</u> (3) if the court finds that no party would be prejudiced. FED. R. APP. P. 4(a)(6) (emphasis added). See also <u>Portley-El v. Milyard</u>, 365 Fed. Appx. 912, 917 n.9 (10th Cir. 2010) (noting that "the failure to meet any one condition [of Rule 4(a)(6)] precludes the reopening of the time to file an appeal" in Section

2241 habeas case).  The time limitations in Federal Rule of Appellate Procedure 4(a)(6) are codified by 28 U.S.C. § 2107(c), which provides: "[T]he district court may, upon motion filed within 180 days after entry of the judgment or order or within 14 days after receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal."  Id.  As such, the time limits are "mandatory and jurisdictional."  Bowles v. Russell, 551 U.S. 205, 209 (2007); see United States v. Gray, 98 Fed. Appx. 239, 239 (4th Cir. 2004) (noting that the filing periods under Federal Rule of Appellate Procedure 4(a)(6) are "mandatory and jurisdictional," in Section 2255 habeas case).  Moreover, the time limits are not subject to "equitable modification."  Baker v. United States, 670 F.3d 448, 456 (3d Cir. 2012) ("Accordingly, there is no doubt after Bowles that those rules listed in 28 U.S.C. § 2107, which are also embodied in Appellate Rules 4(a)(1) and 4(a)(6), are jurisdictional, and are not subject to equitable modification.").

**III. DISCUSSION**

Here, Petitioner fails to meet the first of three mandatory requirements for reopening the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6).[1]  That is, Petitioner concedes in his motion that he was notified of and was aware of his sixty-day deadline to file a notice of appeal.  He asserts, however, that he mailed his notice of appeal to this Court's clerk's office within the sixty days, but he asserts, correctly, that the notice was never docketed in this Court.  Because Rule 4(a) is jurisdictional, this Court is constrained to deny Petitioner's motion.

---

[1] Although Petitioner's pending motion to file an untimely appeal was not filed in this Court until April 12, 2017, it appears that Petitioner placed his motion in the prison system for mailing on April 7, 2017, which was less than 180 from entry of this Court's judgment.  See (Doc. No. 10-1 at 2).  See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (noting that, under the prison mailbox rule, a prisoner's document is deemed filed on the date it is delivered to prison officials for mailing).

See Slezak v. Burtt, 398 Fed. Appx. 921, 922-23 (4th Cir. 2010) (upholding, in Section 2254 habeas case, the district court's denial of a motion to reopen the appeal period when the petitioner failed to timely file the motion within the fourteen days required by Rule 4(a)(6)); see also Roberts v. Cain, 485 Fed. Appx. 689, 690 (5th Cir. 2012) (finding the district court powerless to reopen the time for filing a notice of appeal, when the motion failed to comply with Rule 4(a)(6)). Thus, the Court is without jurisdiction to grant the Petitioner's motion for untimely appeal.[2] See Williams v. Kelly, 569 Fed. Appx. 149, 150 (4th Cir. 2014) (finding that Section 2254 habeas petitioner who failed to file a timely notice of appeal because "he was not 'properly notified' of the district court's denial decision in time to file a timely notice of appeal" was not eligible for the reopening of the appeal period under Federal Rule of Appellate Procedure 4(a)(6) because the 180-day reopening period expired before the petitioner filed his notice of appeal and motion to reopen).

## IV.     CONCLUSION

Based on the foregoing, the Court will deny Petitioner's motion to file an untimely appeal.

**IT IS, THEREFORE, ORDERED** that

(1) Petitioner's "Motion for Relief from Judgment Pursuant to FED. R. CIV. P. 60(b)," (Doc. No. 10), is **DENIED**.

---

[2] The Court recognizes that this is a harsh result, but the Court's hands are tied by the requirements of Rule 4(a)(6) and 28 U.S.C. § 2107(c). Accord Mumford v. Harrelson, No. 1:04cv17, 2007 WL 2156336, at *3 (M.D.N.C. July 25, 2007) (finding that the plaintiff was barred from appealing the dismissal of his case, noting that the result was "arguably unfair to Plaintiff since it appears that a mistake by the clerk's office contributed to the failure of Plaintiff to file a timely Notice of Appeal," but finding that it was the plaintiff's "duty ultimately to follow up with the clerk's office to ensure that the notice of appeal had been filed within the time limit to do so").

(2) The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

Signed: January 5, 2018

Robert J. Conrad, Jr.
United States District Judge